# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
Debra P. Hackett, Clerk

Telephone (334) 954-3950               Fax No. (334) 954-3615

OFFICE OF THE CLERK
1 CHURCH ST, MONTGOMERY, AL 36104

July 28, 2021

In re: *City of Daleville, Ala. v. Purdue Pharma L.P., et al.,* 1:19-cv-566-ECM

Dear Mr. Sutton, Mr. Prater, Ms. DeGruy, and Mr. Strubel:

    I have been contacted by Chief Judge Marks who presided over the above-mentioned case, closed in this court on September 5, 2019.

    Chief Judge Marks informed me that it has been brought to her attention that while she presided over the case, in a managed account, she owned stock in Johnson & Johnson, Allergan PLC, McKesson Corporation and Amerisourcebergen Drug Corporation. Her ownership of stock neither affected nor impacted her decisions in this case. Moreover, she has since divested herself of any Johnson & Johnson, Allergan PLC, McKesson Corporation and Amerisourcebergen Drug Corporation stock. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Chief Judge Marks directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Code of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    With Advisory Opinion 71 in mind, you are invited to respond to Chief Judge Marks' disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 4, 2021. Any response will be considered by another judge of this court without the participation of Chief Judge Marks.

                                                Sincerely,
                                                /s/ Debra Hackett
                                                Clerk of Court